UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JEFFREY AUMANN AND ) | |
| CHRISTINE AUMANN, on behalf of ) | |
| their Minor Child, ) | |
|  ) | |
| Plaintiffs, ) | No. 4:13-CV-00867 (CEJ) |
|  ) | |
| vs. ) | |
|  ) | |
| WENTZVILLE R-IV SCHOOL DISTRICT, ) | |
|  ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' brief on appeal from the final decision of a hearing panel of the Missouri State Board of Education and Department of Elementary and Secondary Education. Also, before the Court is defendant's motion for judgment on the administrative record or, in the alternative, motion for summary judgment. The issues are fully briefed.

I. **Background**

Plaintiffs are the parents of G.A., a minor child, who has been diagnosed with autism, attention deficit hyperactivity disorder, anxiety, and sensory processing disorder. During the 2011-2012 school year, G.A. was enrolled as a third-grade student in regular education classes at defendant Wentzville R-IV School District.

In December 2011, plaintiffs filed a complaint with the United States Department of Education, Office of Civil Rights, alleging that defendant discriminated against G.A. because of her disabilities. In the same month, plaintiffs requested that the defendant evaluate G.A. for eligibility to receive special education services pursuant to the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400, *et seq.* Defendant

convened a multi-disciplinary team to evaluate G.A. The evaluation included social, emotional, behavioral, and language assessments. On March 2, 2012, the evaluation team determined that G.A. did not meet the eligibility criteria to qualify as a student with a disability and was not eligible to receive special education or related services under the IDEA.

In response to this decision, plaintiffs requested an independent education evaluation (IEE). On May 16, 2012, a multi-disciplinary team again concluded that G.A. did not meet the eligibility criteria to qualify as a student with a disability. At the conclusion of the 2011-2012 school year, plaintiffs withdrew G.A. from the defendant school district and gave notification of their intent to seek reimbursement for private school tuition and expenses.

On June 29, 2012, defendant filed a due process complaint with the Missouri Department of Elementary and Secondary Education (DESE) pursuant to 20 U.S.C. § 1415 and Mo.Rev.Stat. § 162.961, seeking a determination that its evaluations and eligibility decisions regarding G.A. were legally correct. Plaintiffs filed a motion to dismiss with the DESE, arguing that the agency did not have subject matter jurisdiction under the IDEA to review the matter. On October 8, 2012, a hearing panel for the DESE denied plaintiffs' motion to dismiss. On October 18, 2012, plaintiffs filed a waiver of right to seek reimbursement of tuition and expenses associated with their placement of G.A. in a private school.

On January 22, 2013, the due process hearing was held by a three-member panel of the DESE. Plaintiffs did not attend or participate in the hearing. On March 12, 2013, the panel issued a written decision finding that the defendant properly evaluated

2

G.A. and that the denial of special education services was appropriate.

On April 26, 2013, plaintiffs filed a petition for review in the Circuit Court of St. Charles County, seeking reversal of the due process decision. On May 7, 2013, defendant removed this action, pursuant to 20 U.S.C. § 1415(g)(2). In their petition for review, plaintiffs argue that (1) the DESE did not have subject matter jurisdiction to issue a decision regarding the defendant's due process complaint; and (2) that even if the DESE did have jurisdiction over the due process complaint, it lost jurisdiction once plaintiffs withdrew their request to seek reimbursement of G.A.'s private school tuition and related expenses.[1]

On September 27, 2013, defendant filed a motion for judgment on the administrative record or, in the alternative, for summary judgment. Defendant argues that this Court lacks subject matter jurisdiction to review plaintiffs' brief on appeal because plaintiffs failed to exhaust their state administrative remedies by not participating in the due process hearing. Defendant further argues that it is entitled to judgment on the administrative record because it properly evaluated G.A. and reached the correct conclusion concerning her eligibility under the IDEA.

II.  Discussion

   A.  The IDEA

The IDEA was enacted to ensure that all children with disabilities have access to a free and appropriate public education. 20 U.S.C. § 1400(d). "The 'central mechanism by which public schools ensure that their disabled students receive a free

---

[1] Plaintiffs' brief on appeal also argued that the DESE applied the incorrect standard of law for the recusal of a panel member. Plaintiffs subsequently withdrew this argument. [Doc. #38, at 6].

appropriate public education' is an 'individualized education program, or 'IEP.'" Intravaia v. Rocky Point Union Free Sch. Dist., 919 F. Supp.2d 285, 290 (E.D.N.Y. Jan. 30, 2013) (citing Polera v. Bd. of Educ., 288 F.3d 478, 482 (2d Cir. 2002)). An IEP consists of a "detailed written statement arrived at by a multi-disciplinary team specifying the services, including specially designed instruction, that a child will receive." Ridley Sch. Dist. v. M.R., 680 F.3d 260, 274 (3rd Cir. 2012).

The IDEA allows either a parent of a disabled child or a public agency to file an administrative complaint "with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of free appropriate public education to such a child[.]" 20 U.S.C. § 1415(b)(6); 34 C.F.R. § 300.507(a)(1). "The filing of a complaint gives rise to a due process hearing, which is conducted in compliance with state procedures." Chambers v. Sch. Dist. of Phila. Bd. of Ed., 587 F.3d 176, 182 (3rd Cir. Nov. 20, 2009) (citing 20 U.S.C. § 1415(f)(1)). If either party disagrees with the findings of the due process hearing, that party may, after exhausting state administrative remedies, file a civil action in state or federal district court seeking review. 20 U.S.C. § 1415(i).

### B. Plaintiffs' Brief on Appeal

Plaintiffs' brief on appeal seeks reversal of the hearing panel's decision for the sole reason that the panel was without jurisdiction to review defendant's due process complaint. Plaintiffs specifically argue that a school district cannot bring a due process complaint when no violation of an IEP has been alleged and when the school district agreed to conduct the evaluations. In response, defendant argues that plaintiffs cannot bring their brief on appeal before this Court because they have failed to exhaust their

administrative remedies. However, despite these arguments, the Court finds that plaintiffs have failed to allege an actual, ongoing case or controversy, causing the issues raised in plaintiffs' brief on appeal to be moot.

A federal court lacks jurisdiction over any claim that does not constitute a "case" or "controversy." See U.S. Const. art. III, § 2; DeFunis v. Odegaard, 416 U.S. 312, 313 (1974). No case or controversy exists "'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" Theodore v. Gov't of the Dist. of Columbia, 655 F.Supp.2d 136, 143-44 (quoting L.A. County v. Davis, 440 U.S. 625, 631 (1979)). "This court is limited to deciding actual controversies by a judgment that can be executed and not providing opinions upon moot questions or abstract propositions." Bd. of Educ. of Downers Grove Grade Sch. Dist. No. 58 v. Steven L., 89 F.3d 464, 467 (7th Cir. 1996) (citing Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990)).

The plaintiffs here do not explain how a favorable judicial decision by this Court would redress any actual injury. The plaintiffs are not challenging G.A's individual identification, evaluation, educational placement, or the provision of a free and appropriate public education. Regardless of whether plaintiffs at one time disagreed with the outcome of the two evaluations performed by the multi-disciplinary team, the plaintiffs subsequently removed G.A. from the defendant school district and waived any right to seek tuition reimbursement. In fact, plaintiffs argue themselves that once they submitted their waiver of right to seek reimbursement for private school tuition, "there was no longer a case or controversy to be decided." [Doc. #25, at 12].

If this Court were to hold that the hearing panel did not have jurisdiction to review defendant's due process complaint, G.A.'s current education would not be affected because G.A. is no longer enrolled in the defendant school district and is not subject to an IEP. Compare to School Bd. of Lee County, Florida v. MM, 2007 WL 983274, *12 (M.D. Fla. Mar. 27, 2007) (court found that a case or controversy existed because the student was enrolled in the same school district with the same board, teachers, and authorities). Additionally, a decision by this Court would not affect plaintiffs right to tuition reimbursement because they have waived the right to seek that benefit. A federal court "must dismiss a claim as moot when the court's decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future." See Bowling v. District of Columbia, 2013 WL 5214948, *3 (D.D.C. Sept. 16, 2013) (citation omitted). Accordingly, the Court finds that there is no case or controversy on the issues for which plaintiffs seek relief and, thus, this case must be dismissed for lack of subject matter jurisdiction. See Bd. of Educ. of Downers Grove Grade Sch. Dist. No. 58, 89 F.3d at 467 ("Absent an actual live controversy, a case is moot and must be dismissed as nonjusticiable.").

      **C.    Defendant's Motion for Judgment on the Administrative Record or, in the Alternative, Motion for Summary Judgment**

Defendant requests that this Court issue an order finding that it lacks subject matter jurisdiction over plaintiffs' brief on appeal as a result of plaintiffs' failure to exhaust their administrative remedies. Because this Court has determined that plaintiffs have failed to allege a case or controversy, defendant's argument is moot.

Defendant's motion alternatively requests the Court to issue an order holding that the due process hearing panel correctly decided the issues before it. 20 U.S.C. § 1415(i)(2)(A) allows for parties "aggrieved by the findings and decision" of a due process hearing to file a civil action in federal district court seeking review. However, in the instant case, neither the plaintiffs nor the defendant argue that they have been aggrieved by the substantive decision of the due process hearing panel. Plaintiffs' brief on appeal is solely concerned with the jurisdiction of the panel to issue a decision on defendant's due process complaint. Therefore, because neither party is arguing that they have been "aggrieved by the findings and decision" of the due process decision, the Court finds that it would be inappropriate to review the administrative record and decision.

\* \* \*

For the above stated reasons,

**IT IS HEREBY ORDERED** that plaintiffs' brief on appeal from the final decision of a hearing panel of the Missouri State Board of Education and Department of Elementary and Secondary Education [Doc. #25] is **denied as moot**.

**IT IS FURTHER ORDERED** that defendant's motion for judgment on the administrative record or, in the alternative, motion for summary judgment [Doc. #26] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of April, 2014.